IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **ROBIN N. NORMAN,**<br><br>*Plaintiff,*<br><br>v.<br><br>Warden **STACY JEFFERSON** *et al.,*<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:21-cv-00455-TES-TQL** |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 32], whereby he requests the Court reconsider its Order Adopting the United States Magistrate Judge's Report and Recommendation. [Doc. 29]. For the reasons detailed below, the Court **DENIES** Plaintiff's Motion for Reconsideration. [Doc. 32].

## DISCUSSION

A. **Motion for Reconsideration Standard of Review**

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Therefore, "[i]n the interests of judicial efficiency and finality of decisions, 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *Goolsby v. Astrue*, No. 5:07-cv-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N.*

*Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-cv-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). A motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *See id.*; *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for reconsideration be used "as an opportunity to show the court 'how it could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

**B.    Analysis**

Given the limited circumstances in which a party may appropriately bring a motion for reconsideration, the Court now turns to Plaintiff's purported basis for bringing such a motion. Plaintiff conclusorily argues that his "claims against Officer Gavia Smith, Unit Manager Williams, counselor Tre Voyer Gore, and Warden [Stacy] Jefferson, should not be dismissed . . . ." [Doc. 32, pp. 1–2]. Then, in direct contravention

of the rules limiting motions for reconsideration, Plaintiff rehashes, recycles, and regurgitates the same arguments he previously made when he objected to the Magistrate Judge's Report and Recommendation. *See* [Doc. 1], [Doc. 22]. A party cannot use a motion for reconsideration as an opportunity to reargue a matter the Court has already ruled on simply because he lost the first time around. *Pennamon v. United Bank*, No. 5:09-cv-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003); *see United States v. Dean*, No. 20-11603, 2020 WL 7655426, at *2 (11th Cir. Dec. 23, 2020) ("A party's disagreement with the court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief."). He must satisfy one of the three recognized grounds for a motion for reconsideration and Plaintiff has failed to do so.

Finally, Plaintiff includes "a motion to have all PRIVILEGED MAIL Restrictions removed immediately" and that "such restrictions" have caused undue delays. [Doc. 32, p. 4]. The Court **DENIES** any such motion. Plaintiff offers no authority for a Court to so drastically interfere with the internal operations of a prison. *See Soler v. Unit Manager Anderson*, No. 3:03-cv-488-RV-MD, 2005 WL 927397, at *2 (N.D. Fla. Apr. 19, 2005) ("Federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so.") (citing *Procunier v. Martinez*, 416 U.S. 396, 404–06, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds by*

*Thornburgh v. Abbott*, 490 U.S. 401, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *Newman v. Alabama*, 683 F.2d 1312, 1320 (11th Cir.1982)). To date, Plaintiff has not suffered from any purported delays and, should he become concerned about potential delays in receiving and sending mail, he can always file a motion for an extension of time.

## CONCLUSION

Based upon the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 32].

**SO ORDERED**, this 18th day of August, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
