IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBIN N. NORMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:21-CV-455-CAR-TQL |
| | : | |
| | : | |
| CO II CALANDIA THOMAS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**ORDER ON MOTIONS FOR RECONSIDERATION AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff Robin Norman's Motions to Reconsider [Docs. 57, 58] the United States Magistrate Judge's denial of Plaintiff's Motion to Stay and the United States Magistrate Judge's Recommendation [Doc. 59] to grant Defendants' Motion for Summary Judgment [Doc. 46] because Plaintiff fails to establish a valid claim for deliberate indifference to safety or deliberate indifference to medical needs, and Defendants are entitled to qualified immunity.

Plaintiff seeks reconsideration of the Magistrate Judge's Order [Doc. 56] denying his Motion to Stay the case. "Reconsideration is appropriate 'only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the

exercise of due diligence, or (3) that the court made a clear error of law.'"[1] Plaintiff's Motions allege no intervening change in law and no new evidence, and the Court is not persuaded that the Magistrate Judge's original findings were clearly erroneous. Thus, the Court **DENIES** Plaintiff's Motions for Reconsideration [Docs. 57, 58].

Plaintiff also filed an Objection to the Recommendation [Doc. 63] essentially restating his arguments that Defendants were deliberately indifferent to his safety and serious medical needs. Having reviewed Plaintiff's claims *de novo,* the Court agrees with the Magistrate Judge's findings and conclusions that Defendants are entitled to summary judgment because Plaintiff has not stated valid claims for deliberate indifference to safety or deliberate indifference to serious medical needs, and Defendants are entitled to qualified immunity.

Plaintiff also argues that his Fourteenth Amendment rights have been violated because of his lack of access to legal research, but he does not explain how his access to the law library has actually been hindered. As addressed in the Order denying Plaintiff's Motion to Stay, Defendants filed their Motion for Summary Judgment on March 1, 2023. At no point in the 13 months since the Motion was filed has Plaintiff attempted respond to it, despite sending other letters and motions to the Court. Therefore, the Court finds

---

[1] *Bingham v. Nelson*, No. 5:08-cv-246, 2010 WL 339806, *1 (M.D. Ga. Jan. 21, 2010) (citation omitted).

Plaintiff's argument that his Fourteenth Amendment right to access legal research lacks merit.

Accordingly, the Recommendation [Doc. 59] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**. For the reasons set forth in the Recommendation, Defendants' Motion for Summary Judgment [Doc. 46] is **GRANTED.** Plaintiff's Motions for Reconsideration [Docs. 57, 58] are **DENIED.** The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to change the docket to reflect the correct spelling of Defendant Garia Smith's name, as explained in the Recommendation.

**SO ORDERED**, this 29th day of March, 2024.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT